Versión para imprimir

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Hon. Carlos López Nieves, Etc.<br><br>   Demandantes-Recurridos<br><br>v.<br><br>Hon. Juan Carlos Méndez Torres y otros<br><br>   Demandados-Peticionarios | Certiorari<br><br>2010 TSPR 64<br><br>178 DPR \_\_\_\_ |

Número del Caso: CC-2007-1137

Fecha: 27 de abril de 2010

Tribunal de Apelaciones:

        Región Judicial de San Juan, Panel V

Juez Ponente:
                Panel integrado por su Presidente, el Juez
Arbona Lago, el Juez Salas Soler y la Jueza Velázqu    ez Cajigas


Oficina del Procurador General:

                Lcda. Sarah Y. Rosado Morales
                Procuradora General Auxiliar

                Lcda. Vannessa Ramírez
                Procurador General Auxiliar

Abogados de la Parte Recurrida:

                Lcdo. Hiram Pagani Díaz
                Lcdo. Carlos M. Declet

Abogado de la Autoridad de los Puertos:

                Lcdo. Carlos H. Padilla Maldonado

Materia: Mandamus Capacidad Jurídica

Este documento constituye un documento oficial del    Tribunal
Supremo que está sujeto a los cambios y correccione    s del proceso
de compilación y publicación oficial de las decisio    nes del
Tribunal. Su distribución electrónica se hace como     un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hon. Carlos López Nieves,
Etc.

    Demandantes-Recurridos

        v.                          CC-2007-1137

Hon. Juan Carlos Méndez
Torres y otros

    Demandados-Peticionarios


Opinión del Tribunal emitida por el Juez Presidente señor HERNÁNDEZ DENTON


San Juan, Puerto Rico, a 27 de abril de 2010.


Mediante el recurso de epígrafe debemos determinar si el Procurador del Ciudadano, mejor conocido como *Ombudsman*, y el Procurador de Pequeños Negocios ostentan la facultad para comparecer por sí ante los tribunales. En vista de que la Ley del Procurador del Ciudadano (Ombudsman), Ley Núm. 134 de 30 de junio de 1977, 2 L.P.R.A. sec. 701, *et seq*. (en adelante Ley Núm. 134), y la Ley de Flexibilidad Administrativa y Reglamentaria para los Pequeños Negocios, Ley Núm. 454 de 28 de diciembre de 2000, 3 L.P.R.A. sec. 2251, *et seq*. (en adelante L.F.A.R.), son claras al no reconocer dicha facultad a los funcionarios aludidos, contestamos esta interrogante en la negativa. Por ello, revocamos la sentencia del

Tribunal de Apelaciones que en este caso resolvió lo contrario.

## I.

En el 2007, el Procurador del Ciudadano y el Procurador de Pequeños Negocios presentaron ante el Tribunal de Primera Instancia varios recursos de *mandamus* contra algunas agencias del gobierno. Ante nuestra consideración se encuentran los recursos presentados en contra de los jefes de agencia del Departamento de Hacienda, del Departamento de Recursos Naturales y Ambientales y de la Junta de Planificación. En esencia, el Procurador del Ciudadano y el Procurador de Pequeños Negocios alegaron en estas demandas que los jefes de las referidas agencias incumplieron con el Art. 10 de la L.F.A.R., 3 L.P.R.A. sec. 2259. Según expusieron, dicho artículo le impone a los funcionarios el deber de revisar periódicamente todos aquellos reglamentos que afecten a los pequeños comerciantes y que tengan cinco años o más a partir de su aprobación, así como de informarle a éstos sobre todo aquel reglamento que se apruebe y que tenga un impacto económico significativo sobre un número sustancial de pequeños negocios.

Por su parte, el Estado Libre Asociado de Puerto Rico y el Secretario de Hacienda presentaron una moción de desestimación por falta de jurisdicción en cada uno de los recursos. A tales efectos, arguyeron que el Procurador del Ciudadano y el Procurador de Pequeños Negocios no tienen capacidad jurídica para demandar y ser demandados. Además, argumentaron que el remedio extraordinario mediante el cual

se les demandó es improcedente, pues la vía procesal para la impugnación de reglamentos es, a su juicio, la revisión judicial ante el Tribunal de Apelaciones, como alegaron que establece el Art. 11 de la L.F.A.R., 3 L.P.R.A. sec. 2260.

El Procurador del Ciudadano y el Procurador de Pequeños Negocios se opusieron a la desestimación de los recursos de *mandamus*, pues, según éstos, el deber ministerial de los jefes de agencia surgía del Art. 10 de la L.F.A.R., *supra*. Asimismo, expresaron que su capacidad jurídica emana de sus leyes habilitadoras, las cuales los facultan para tomar cualquier medida necesaria para cumplir con sus funciones.

Luego de otros trámites, el Tribunal de Primera Instancia emitió tres sentencias parciales esencialmente idénticas en las que concluyó que a pesar de que la Ley Núm. 134 no le confiere expresamente al Procurador del Ciudadano la facultad de instar demandas ante los tribunales, este funcionario es quien nombra al Procurador de Pequeños Negocios, el cual sí está facultado para acudir ante el foro judicial.[1] Sobre este particular, determinó que el Procurador de Pequeños Negocios tiene capacidad jurídica para comparecer por sí ante los tribunales, a tenor de los Arts. 11 y 12 de la L.F.A.R., 3 L.P.R.A. secs. 2260-2261. Según el foro de instancia, la capacidad jurídica del Procurador de Pequeños Negocios surge de la propia ley, ya que el Art. 12 de la L.F.A.R., *supra*, lo

---

[1] Surge del expediente que anteriormente el Tribunal de Primera Instancia había expresado en una orden interlocutoria que la capacidad del procurador del Ciudadano era evidente, pues según interpretó, en el caso Hernández Agosto v. Romero Barceló, 112 D.P.R. 389 (1982), este Tribunal le ha reconocido capacidad jurídica a las cámaras de la Asamblea Legislativa para comparecer por sí a vindicar derechos.

faculta para comparecer ante el tribunal como amigo de la corte (*amicus curiae*) en casos de revisión judicial. En ese sentido, el tribunal interpretó que el referido artículo no limita la facultad del Procurador de Pequeños Negocios para comparecer ante los tribunales mediante ese tipo de función solamente.

No obstante, el foro primario señaló que el Art. 11 de la L.F.A.R., *supra*, dispone que el procedimiento exclusivo para impugnar la validez de una regla o reglamento que ha sido adoptado en contra de lo dispuesto en la L.F.A.R. es la revisión judicial ante el Tribunal de Apelaciones. Por lo tanto, concluyó que no tenía jurisdicción sobre los recursos en cuestión.

Por entender que el Tribunal de Primera Instancia erró al reconocerle capacidad a ambos Procuradores para comparecer ante los tribunales, el Estado presentó tres recursos de *certiorari* ante el Tribunal de Apelaciones y señaló varios errores. En síntesis, alegó que el Tribunal de Primera Instancia había errado al concluir que el Procurador del Ciudadano y el Procurador de Pequeños Negocios tienen capacidad jurídica para comparecer ante los tribunales con el propósito de imputar violaciones a la L.F.A.R. Luego de consolidar los recursos, el Tribunal de Apelaciones determinó que tanto el Procurador del Ciudadano como el Procurador de Pequeños Negocios tienen la facultad de comparecer por sí mismos ante los tribunales. Más aún, concluyó que dichos funcionarios pueden presentar recursos de *mandamus* ante el Tribunal de Primera Instancia para exigir el cumplimiento de

la L.F.A.R. Por ende, decidió que el foro primario tenía jurisdicción para dirimir los recursos de *mandamus* presentados por los respectivos Procuradores. Por tal razón, devolvió el caso al foro primario para que continuaran los procedimientos según lo resuelto.

Insatisfechos, el Estado acude ante nos mediante un recurso de *certiorari* y señala la comisión de varios errores por parte del foro apelativo intermedio. En esencia, alega que el Tribunal de Apelaciones erró al reconocerle capacidad jurídica tanto al Procurador del Ciudadano como al Procurador de Pequeños Negocios, a los efectos de comparecer por sí ante los tribunales para que se les ordene a los funcionarios gubernamentales concernidos el cumplimiento de la L.F.A.R.

Examinado el recurso, acordamos expedir. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

II.

Como es sabido, en el ámbito administrativo la ley es la fuente de poder de una agencia administrativa para velar por el debido cumplimiento de su ley habilitadora. Caribe Comms, Inc. v. P.R.T. Co., 157 D.P.R. 203, 211 (2002). Por lo tanto, las facultades que tiene una agencia administrativa para actuar están limitadas por el estatuto orgánico o ley habilitadora aprobada por la Asamblea Legislativa. Comisionado de Seguros v. PRIA, 168 D.P.R. 659, 666 (2006). Esa delimitación de poderes precisa la acción administrativa y las circunstancias en las que puede actuar la agencia. D. Fernández Quiñones, Derecho Administrativo y Ley de

Procedimiento Administrativo Uniforme, 2da ed., Bogotá, Ed. Forum, 2001, pág. 517.

En el presente caso debemos, por ende, examinar la Ley Núm. 134, así como la L.F.A.R, para determinar si el Procurador del Ciudadano y el Procurador de Pequeños Negocios están facultados para comparecer por sí ante los tribunales.

III.

A.

La figura del Procurador del Ciudadano se estableció en Puerto Rico mediante la Ley Núm. 134, *supra*. Así, se introdujo a nuestra jurisdicción un funcionario que tiene la finalidad principal de evitar que la burocratización de nuestro sistema administrativo vulnere los derechos de los ciudadanos. A estos efectos, la Oficina del Procurador del Ciudadano es la institución a la que las personas pueden acudir cuando entienden que el Estado no ha procedido debidamente en el ámbito administrativo. El Procurador del Ciudadano es, precisamente, el encargado de velar por los intereses de los ciudadanos ante los posibles excesos de las entidades gubernamentales. Véase *Exposición de Motivos* de la Ley Núm. 134, 1997 Leyes de Puerto Rico 412-413; Véase, además, A.J. Wyner (Ed.), Executive Ombudsmen in the United States, California, Institute for Governmental Studies, 1973, págs. 3-13.

Entre las funciones que la Asamblea Legislativa le confirió al Procurador del Ciudadano mediante la Ley Núm. 134, se destaca la investigación de reclamaciones de ciudadanos respecto a:

[C]ualquier acto administrativo que aparente ser:

(a) Contrario a la ley o reglamentos;

(b) irrazonable, injusto, arbitrario, ofensivo o discriminatorio;

(c) basado en un error de hecho o en motivos improcedentes e irrelevantes;

(d) no esté acompañado de una adecuada exposición de razones cuando la ley o los reglamentos lo requieran, o

(e) ejecutado en forma ineficiente o errónea. 2 L.P.R.A. sec. 713.

Para llevar a cabo esta tarea, el legislador facultó al Procurador del Ciudadano para, entre otras cosas, "tomar juramentos y declaraciones, ordenar la comparecencia y declaración de testigos y requerir la presentación de cualesquiera papeles, libros, documentos y otra evidencia". 2 L.P.R.A. sec. 715. A su vez, si un testigo que fue debidamente citado no comparece a testificar, el Procurador del Ciudadano, por sí o a través del Secretario de Justicia, podrá acudir ante el Tribunal de Primera Instancia para que éste ordene su comparecencia y declaración, o la producción de la evidencia requerida. *Íd*. Por lo tanto, la Ley Núm. 134 le concede al Procurador del Ciudadano la facultad para comparecer por sí, o mediante el Secretario de Justicia, ante el foro primario, a los efectos de que el tribunal ordene la comparecencia de un testigo debidamente citado o el suministro de la prueba requerida por dicho funcionario.

De otra parte, el Art. 18 de la Ley Núm. 134 dispone que "[e]l *Ombudsman* podrá, en casos de violaciones de ley, civiles o criminales, solicitar del Secretario de Justicia

que comparezca ante los tribunales de Puerto Rico a incoar los procedimientos que en derecho corresponden". 2 L.P.R.A sec. 718. Es decir, ante actuaciones gubernamentales que sean contrarias a la ley, el estatuto no le reconoce al Procurador del Ciudadano la facultad de acudir ante los tribunales, sino que podrá solicitarle al Secretario de Justicia que inicie los procedimientos judiciales que en derecho procedan. Por ende, la Ley Núm. 134 sólo faculta al Procurador del Ciudadano a acudir a los tribunales por sí para que el foro judicial ordene la comparecencia de un testigo debidamente citado por dicho funcionario, o la producción de la evidencia requerida por éste.

De hecho, resulta pertinente señalar que del historial legislativo de la Ley Núm. 134 se desprende que el proyecto de ley original le concedía plena capacidad al Procurador del Ciudadano para acudir por sí ante los tribunales. La referida disposición establecía lo siguiente:

> El Procurador del Ciudadano (Ombudsman) queda facultado para comparecer a los Tribunales de Justicia e iniciar la acción judicial que estime conveniente en el caso de violaciones de ley, civil o criminal, e interponer cualesquiera remedios legales que fueren necesarios para hacer efectivas las determinaciones y conclusiones de sus investigaciones, así como para hacer cumplir las reglas, reglamentos, órdenes, resoluciones y determinaciones de la Oficina del Procurador General del Ciudadano (Ombudsman). Art. 20 del P. de la C. Núm. 63.

De lo anterior se desprende que en el texto original de la pieza legislativa el legislador contempló proveer una amplia facultad al Procurador del Ciudadano para que compareciera por sí ante los foros judiciales, a los fines de

vindicar violaciones de ley proferidas a los ciudadanos. Sin embargo, al aprobar la Ley Núm. 134, esta disposición se omitió y, en cambio, solamente se facultó al Procurador del Ciudadano a acudir por sí a los tribunales para requerir la comparecencia de un testigo debidamente citado o para exigir el suministro de prueba requerida a base de sus investigaciones.

                                B.

Por otro lado, el cargo de Procurador de Pequeños Negocios fue creado mediante el Art. 7 de la Ley Núm. 134, y dicho funcionario le responde directamente al Procurador del Ciudadano. 2 L.P.R.A. sec. 707. Sus facultades y poderes están delimitados por la L.F.A.R. Este cargo se creó, principalmente, para velar por los derechos e intereses de los pequeños negocios ante las acciones regulatorias que los afecten. Para esto, el legislador estableció en el Art. 13 de la L.F.A.R., que:

> (1) Salvo de otra manera establecido por ley, **y mediante solicitud escrita por cualquier pequeño negocio**, el Procurador tendrá la facultad de:
>
> > (a) Representar y defender, si entendiese que amerita, a cualquier pequeño negocio, durante cualquier procedimiento de adjudicación o cualquier procedimiento adversativo.
>
> (2) El Procurador podrá también:
>
> > (a) Abogar y negociar sobre cualquier materia relacionada con y que promueva el interés de las pequeñas empresas.
>
> > (b) Llevar a cabo investigaciones para asegurar la información necesaria para la administración de cualquier provisión en este capítulo.

> (c) Tendrá la facultad de tomar cualquier medida necesaria para llevar a cabo los propósitos de este capítulo. (Énfasis suplido) 3 L.P.R.A. sec. 2262.

Del texto de la disposición de ley antes citada se desprende que el Procurador de Pequeños Negocios sólo está facultado para representar y defender a un pequeño negocio en un procedimiento adjudicativo o adversativo cuando medie una solicitud escrita de éste. Por ende, el promovente de la acción o procedimiento es el pequeño negocio, no el Procurador.

De otra parte, del citado Art. 13 también surge que dicho funcionario está facultado para abogar y negociar asuntos relativos a los pequeños negocios y sus intereses, así como para realizar las investigaciones necesarias para el cumplimiento de la L.F.A.R. Además, en el inciso (2)(c) de la referida disposición se faculta al Procurador de Pequeños Negocios para tomar cualquier medida necesaria para llevar a cabo los propósitos de dicha ley. Esta facultad, sin embargo, debe ser interpretada conjuntamente con las demás disposiciones que componen dicha ley. Es decir, debemos tomar en cuenta las instancias en las que el legislador ha facultado al Procurador de Pequeños Negocios a proceder de determinada manera.

Por otro lado, la L.F.A.R. preceptúa otra circunstancia en la cual el Procurador de Pequeños Negocios está facultado a comparecer ante los foros judiciales. Al respecto, el Art. 12 de la L.F.A.R. dispone que el Procurador de Pequeños Negocios:

> [E]stará autorizado a participar como amigo del tribunal (*amicus curiae*) en casos traídos para revisión judicial en cualquiera de estas acciones. El Procurador podrá presentar su punto de vista sobre el cumplimiento del capítulo, la [adecuación] del procedimiento para redactar el reglamento y el impacto del reglamento en pequeñas entidades.
>
> El tribunal puede autorizar la comparecencia del Procurador en cualquier acción judicial descrita en el párrafo anterior de esta sección. 3 L.P.R.A. sec. 2261.

Así, la ley le confirió la facultad al Procurador de Pequeños Negocios para comparecer como amigo de la corte (*amicus curiae*) en procedimientos de revisión judicial. Sin embargo, esto no equivale a facultarlo para comparecer por sí a los tribunales a vindicar derechos, pues ésta no es la función de la figura del amigo de la corte. Por ende, mediante esta disposición sólo se le concede al Procurador de Pequeños Negocios el poder de ilustrar e informar al foro judicial sobre aquellos aspectos que requieran un conocimiento especializado.

IV.

Con estos preceptos en mente, pasemos a examinar si en el caso de autos los Procuradores del Ciudadano y de Pequeños Negocios tenían la facultad de acudir por sí ante el Tribunal de Primera Instancia a exigir el cumplimiento de las disposiciones de la L.F.A.R. Según hemos expresado en el pasado, como cuestión de umbral en la metodología hermenéutica, ante un lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de la intención legislativa. Ortiz v. Municipio San Juan, 167 D.P.R. 609, 617 (2006). De acuerdo con el Art. 14 de nuestro Código Civil, de entrada debemos acudir al texto de la ley, pues cuando éste

es claro y libre de ambigüedad, no debe ser menospreciado bajo el pretexto de cumplir su espíritu. 31 L.P.R.A. sec. 14; Irizarry v. J & J Cons. Prods. Co., Inc., 150 D.P.R. 155, 164 (2000).

Según indicamos, el Art. 18 de la Ley Núm. 134, *supra*, le permite al Procurador del Ciudadano solicitarle al Secretario de Justicia que comparezca ante los tribunales de Puerto Rico a presentar los procedimientos que en derecho correspondan cuando el Procurador entienda que hubo violaciones a la ley. Como vimos, en el proyecto de ley original que se convirtió en la Ley Núm. 134, se incluía una disposición que facultaba al Procurador del Ciudadano a comparecer por sí a vindicar derechos de terceros. No obstante, esta facultad no le fue finalmente conferida al aprobarse dicha ley. Es decir, al descartar el lenguaje original, el legislador dispuso claramente que en estos casos el Secretario de Justicia es quien único puede acudir a los tribunales, a solicitud del Procurador del Ciudadano, para vindicar violaciones de ley, tanto civiles como criminales.

Por otro lado, el Art. 15 de la Ley Núm. 134, *supra*, le concedió al Procurador del Ciudadano la potestad de comparecer al Tribunal de Primera Instancia sólo en las dos circunstancias expresamente mencionadas en la ley, a saber, para requerir la comparecencia de un testigo que fue debidamente citado y para ordenar el suministro de la prueba requerida. Sin embargo, la ley no lo faculta para comparecer por sí mismo a vindicar derechos de terceros ni alegaciones de violaciones de ley ante los foros judiciales. Por ende, y

ante el texto claro de la Ley Núm. 134, es sólo en las situaciones anteriormente mencionadas que el Procurador del Ciudadano podrá comparecer por sí ante los tribunales.

No obstante, es preciso notar que el Art. 19 de la Ley Núm. 134, 2 L.P.R.A. sec. 719, dispone los remedios que tiene el Procurador del Ciudadano cuando un funcionario o empleado de una agencia está incumpliendo con sus deberes. Este artículo reza como sigue:

> Si el *Ombudsman* determinase que cualquier funcionario o empleado de una agencia ha faltado, sin justificación razonable, al cumplimiento de los deberes propios de su cargo o empleo o que ha sido negligente en el desempeño de los mismos, así deberá notificarlo a las autoridades, organismos o foros administrativos competentes para que éstos procedan al respecto. 2 L.P.R.A. sec. 719.

De la disposición anterior surge que ante el incumplimiento de algún funcionario o empleado de una agencia con sus deberes, el Procurador del Ciudadano puede informar dicho incumplimiento a las autoridades u organismos administrativos correspondientes, para que sean éstos los que procedan conforme a derecho. Por lo tanto, la ley provee un mecanismo administrativo para denunciar el incumplimiento de aquellos funcionarios y empleados de agencia que incumplan con los deberes y obligaciones conferidos por la L.F.A.R.

No obstante, como vimos anteriormente, si el Procurador del Ciudadano entiende que algún funcionario ha incumplido una ley, y desea un remedio judicial ante dicho incumplimiento, entonces debe acudir a los tribunales mediante el Secretario de Justicia. En el caso ante nuestra consideración, el Procurador del Ciudadano concluyó,

precisamente, que los referidos jefes de agencia no estaban cumpliendo con las disposiciones del Art. 10 de la L.F.A.R., *supra*. Por lo tanto, para que dicho incumplimiento se dirima en el foro judicial, el Procurador del Ciudadano puede solicitarle al Secretario de Justicia que presente la acción que estime procedente en derecho, mas no puede hacerlo por sí.

Por otro lado, la situación del Procurador de Pequeños Negocios es diferente a la del Procurador del Ciudadano, pues de acuerdo con el Art. 13 de la L.F.A.R., *supra*, el Procurador de Pequeños Negocios está facultado para representar y defender, de entenderlo meritorio, a cualquier pequeño negocio durante cualquier procedimiento adjudicativo o adversativo, siempre que el pequeño negocio se lo solicite por escrito. De no mediar esta solicitud, el Procurador de Pequeños Negocios está impedido de comparecer por sí al tribunal a vindicar derechos de terceros.

A su vez, según decidimos en <u>Centro Unido de Detallistas v. Comisión de Servicio Público</u>, res. el 11 de julio de 2008, 2008 T.S.P.R. 116, la L.F.A.R. faculta a los pequeños negocios a acudir al Tribunal de Primera Instancia mediante un recurso de revisión judicial cuando un funcionario incumpla las disposiciones de algún reglamento sujeto a lo dispuesto en dicha ley. En específico, el Art. 11 de la L.F.A.R dispone que "para cada reglamento sujeto a este capítulo, una pequeña empresa afectada adversamente o agraviada por la acción de una agencia puede recurrir a un recurso de revisión en los tribunales para evaluar el

cumplimiento de la agencia". 3 L.P.R.A. sec. 2260. Para ejercer esta prerrogativa, la pequeña empresa tendrá hasta un año desde la fecha de la acción final de la agencia para solicitar la revisión judicial ante el Tribunal de Primera Instancia. *Íd*; <u>Centro Unido de Detallistas v. Comisión de Servicio Público</u>, *supra*.

En otras palabras, para impugnar la acción de una agencia administrativa respecto a los deberes impuestos por esta ley sobre los reglamentos sujetos a ésta, el Procurador de Pequeños Negocios debe contar con una solicitud escrita del pequeño negocio afectado y utilizar el mecanismo de revisión judicial ante el foro de instancia.

Evidentemente, en el caso de autos el Procurador de Pequeños Negocios no tenía la facultad para comparecer por sí a los tribunales y exigir el cumplimiento de la L.F.A.R. por parte de los demandados, ya que no medió una solicitud escrita de parte de alguno de los pequeños negocios afectados por el presunto incumplimiento de parte de los jefes de agencia concernidos. Al carecer de esa solicitud, el Procurador de Pequeños Negocios no está facultado para comparecer por sí ante los tribunales a exigir el cumplimiento con la L.F.A.R.

De otra parte, el hecho de que la L.F.A.R. disponga en su Art. 13 (2)(c), *supra*, que el Procurador de Pequeños Negocios está facultado para tomar cualquier medida necesaria para llevar a cabo los propósitos del estatuto, no implica que dicho funcionario tenga la facultad para acudir ante los tribunales a vindicar derechos de terceros. Ello, pues, una

interpretación de esa naturaleza resultaría incongruente con las disposiciones que, según hemos discutido, regulan de forma específica la facultad del Procurador de Pequeños Negocios de acudir por sí ante los tribunales. Adviértase que el Art. 13 (2)(c), *supra*, es una disposición general, mientras que como hemos señalado, el inciso (a) del Art. 13 (1), *supra*, dispone de manera particular sobre las facultades del Procurador de Pequeños Negocios. Por ende, no se desprende del texto de la ley que la Asamblea Legislativa haya facultado al Procurador de Pequeños Negocios para estos fines.

En conclusión, luego de examinar y analizar las disposiciones de ley correspondientes, concluimos que la Ley Núm. 134 y la L.F.A.R. no le conceden la facultad al Procurador del Ciudadano ni al Procurador de Pequeños Negocios para comparecer por sí a exigir el cumplimiento de la Ley Núm. 134 y de la L.F.A.R. Como vimos, el Procurador del Ciudadano podrá, ante violaciones de leyes tanto civiles como penales, solicitar del Secretario de Justicia que proceda a incoar una acción ante los tribunales del País, pero la ley no lo faculta para hacerlo por sí mismo. A su vez, la L.F.A.R. faculta al Procurador de Pequeños Negocios a defender y representar a un pequeño negocio sólo si este último se lo solicita por escrito. Además, podrá comparecer como amigo de la corte en procesos de revisión judicial cuando sea necesario. Sin embargo, el legislador no le otorgó la facultad de comparecer por sí ante los tribunales a vindicar derechos de terceros.

Reconocemos la política pública que reviste tanto la L.F.A.R. como la Ley Núm. 134 respecto a la protección de los ciudadanos y los pequeños negocios ante los posibles incumplimientos con los referidos estatutos. Esta política pública, sin embargo, se cumple mediante las disposiciones específicas que hemos analizado anteriormente, que son los mecanismos que el legislador entendió son los más aptos para cumplir con la finalidad de ambas leyes. Por ende, concluimos que los pequeños negocios afectados por este presunto incumplimiento no quedan desprovistos de remedios en ley para exigir el cumplimiento de esta ley. Por todo lo anterior, ante la carencia de facultad de los Procuradores para acudir al foro judicial en el caso de autos, resolvemos que el Tribunal de Primera Instancia carecía de jurisdicción para atender los recursos presentados.

Al resolver que el Procurador del Ciudadano y el Procurador de Pequeños Negocios no tenían la facultad en ley para instar los procedimientos que dieron lugar al caso de autos, resulta innecesario expresarnos sobre la procedencia de los recursos de *mandamus* presentados.

V.

Por los fundamentos antes expuestos, se revoca la sentencia emitida por el Tribunal de Apelaciones, y se desestiman las demandas ante el Tribunal de Primera Instancia por carecer éste de jurisdicción para atenderlas.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hon. Carlos López Nieves,
Etc.

    Demandantes-Recurridos

        v.                       CC-2007-1137

Hon. Juan Carlos Méndez
Torres y otros

    Demandados-Peticionarios


SENTENCIA


San Juan, Puerto Rico, a 27 de abril de 2010.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia emitida por el Tribunal de Apelaciones, y se desestiman las demandas ante el Tribunal de Primera Instancia por carecer éste de jurisdicción para atenderlas.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Rivera Pérez y Martínez Torres y la Juez Asociada señora Pabón Charneco concurren con el resultado sin opinión escrita.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo